Forest Lawn Co. vs. Hanley.

FOREST LAWN COMPANY, Appellant, vs. HANLEY, imp., Respondent.

*September 4 — September 22, 1896.*

*Mortgages: Loan of money to make payment on land: Land contract in name of lender as security: Fraud.*

1. A land contract in which the mother of the actual purchaser was named as vendee in order that she might have security for money loaned by her to her daughter to make the first payment, and which provided that in case of failure to make subsequent payments as specified the money which should have been paid should be deemed forfeited, cannot, in the absence of fraud or mistake, be held to be a mortgage as between the vendor and such nominal vendee, even though the latter understood that the taking of the contract in her own name in some way made the land stand to her as security for the repayment of her money by her daughter, and that the contract was as good security to her as a mortgage upon the land.

2. Fraud cannot be predicated upon a mere statement of opinion as to the value of property as security.

Forest Lawn Co. vs. Hanley.

APPEAL from a judgment of the superior court of Milwaukee county: R. N. AUSTIN, Judge. *Reversed.*

The defendant Mary A. Gorman is the daughter of the defendant *Ann Hanley*. Mrs. Gorman had a contract with the plaintiff for the purchase of a house and lot in the city of Milwaukee for the price of $10,000. She had no money, and borrowed of her mother $1,500 with which to make the first or down payment. She gave to her mother her own judgment note, due on demand, and agreed to give her security on the land for the repayment of the borrowed money. To effectuate this security upon the land, a land contract was made in the name of *Mrs. Hanley* as vendee. *Mrs. Hanley* had been reluctant to loan the money to Mrs. Gorman, and only consented to do so upon the assurance of plaintiff's agents that by this arrangement "the money is just as sure to you as if you had it in your own house. . . . The land contract is just as good as a mortgage. . . . As long as you have the land contract along with the judgment note, you will be sure to get it anyway,"—with other assurances to that effect. With such understanding, she consented to loan the money. The land contract was made in her name as vendee. It is in the usual form of land contracts, signed by both vendor and vendee. By its terms, *Mrs. Hanley* promised to make all remaining payments to the amount of $10,000, with interest at the time specified, and agreed that, in case of her failure to make such payments, all money which should have been paid should be deemed forfeited; and the plaintiff, on its part, agreed to make a sufficient conveyance to her on the complete payment of the agreed price. Pursuant to this agreement, Mrs. Gorman entered at once into the occupation of the premises. No further payments were made by any one upon the contract.

The plaintiff brought this action to foreclose the land contract. The defendant *Mrs. Hanley* set up the facts sub-

stantially above stated, and asked that the transaction be held to be a mortgage upon the premises against the plaintiff and in her favor for $1,500 and interest, and for a judgment foreclosing the same. The court gave her such a judgment in the usual form. From that judgment this appeal is taken.

For the appellant there were briefs by *Hoyt, Ogden & Olwell*, and oral argument by *L. M. Ogden*.

*Orren T. Williams*, for the respondent, contended, *inter alia*, that the taking of the contract by *Mrs. Hanley*, under the circumstances, constituted an equitable mortgage on the premises to secure the repayment of the money loaned by her. *Hoile v. Bailey*, 58 Wis. 448; *Starks v. Redfield*, 52 id. 352; *Howe v. Carpenter*, 49 id. 702; *Phelan v. Fitzpatrick*, 84 id. 240–247; *Schriber v. Le Clair*, 66 id. 579. The facts which constituted her an equitable mortgagee were properly shown by parol evidence. *Burr v. C. C. Thompson & W. Co.* 78 Wis. 227, 236; *Starks v. Redfield*, 52 id. 349; *Sweet v. Mitchell*, 15 id. 641; *Wilcox v. Bates*, 26 id. 465; *Jourdain v. Fox*, 90 id. 101.

NEWMAN, J. The transaction involved in this litigation is not questioned for fraud or any mistake, nor is it sought in any way to reform it or to set it aside, but merely to enforce it. The only question seems to be to determine its proper purpose and effect. The trial court found as a fact "that the said land contract was in fact a mortgage given to secure and securing the defendant *Ann Hanley*, from the plaintiff, the sum of $1,500, with interest." This can be true only in case such was the intention of the parties in the making of it; for, although fraud or mistake might afford ground for its avoidance or reformation, they could not make it a mortgage contrary to the intention of the parties. The whole case turns upon the correctness of this finding. There was due exception to it. The sole question

is whether the evidence sustains it. To support it, the evidence must show that the parties, at the time of its making, understood and intended that the plaintiff should repay to *Mrs. Hanley* the $1,500, with interest, and to secure such repayment by a pledge of the land. It is plain that the case is utterly void of evidence which tends, even, to establish such intention. The plain words of the contract itself establish the reverse, for in express terms it provides that the plaintiff shall not be liable to repay it, but that it shall be deemed forfeited in case the remaining payments are not made as therein agreed. In the absence of fraud or mistake, the words of the contract must govern, and the contract be enforced as written. Nor is parol evidence permissible to contradict or vary its terms. This is elementary.

There is no evidence tending to show that *Mrs. Hanley* did not know the terms in which the contract was written, or was in any way deceived or misled as to its actual terms. That she misconceived its effect is not improbable. She understood that the taking of the contract in her own name in some way made the land stand to her as security for the repayment of her money by Mrs. Gorman. She was advised that in that way the contract would be as good security to her as a mortgage upon the premises. No doubt the transaction was in that respect, in equity, a mortgage upon Mrs. Gorman's interest in them. She was told that it would be ample security. Whether it was ample security would depend upon the value of the premises and the making of the later payments. It does not appear that the premises were not worth the agreed price, nor that the transaction was not an adequate security. It is not competent to predicate fraud upon mere opinions of the value of property as security. Clearly, the finding has no support in the evidence. Whatever remedy *Mrs. Hanley* may have against the plaintiff, clearly she has no mortgage. The finding and judgment are clearly in misapprehension

of the legal effect of the evidence. It cannot be tolerated that a hard case shall make bad law. The plaintiff should have judgment foreclosing its contract.

*By the Court.*— The judgment of the superior court of Milwaukee county is reversed, and the cause remanded with direction to render judgment in favor of the plaintiff for the foreclosure of the contract.

